UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KENNETH DRAKE,

        Plaintiff,

   v.

LOWE'S COMPANIES, INC.,

        Defendant.

_____/

NO. CIV. S-04-0142 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on motion by defendant, Lowe's Companies, Inc. ("defendant"), for attorney's fees pursuant to Federal Rule of Civil Procedure 54.[1]

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-320(h).

**BACKGROUND[2]**

On August 22, 1994, defendant hired Kenneth Drake ("plaintiff") to work at one of its retail stores in Indiana. After the hiring, the parties entered into an employment contract which was signed and executed in Indiana. Plaintiff transferred to work at defendant's store in Temecula, California in October 1999. Plaintiff then received a promotion to work at defendant's store in Vacaville, California in March 2001, where plaintiff managed the store for two years.

Desiring to return home to Indiana, plaintiff applied for and defendant approved a transfer to work as a store manager for one of defendant's stores in Indiana. Plaintiff's last day at the Vacaville store was January 31, 2003. On February 1, 2003, plaintiff requested one of his former subordinates pay him $1,502.00 to redeem some of his accrued vacation time. His subordinate complied by paying him $1,502.00 in cash from the store safe.

On February 5, 2003, plaintiff's supervisor at the Indiana store questioned plaintiff regarding the cash withdrawal. Plaintiff admitted that he withdrew the cash from the Vacaville store safe. Plaintiff's supervisor consulted with defendant's human resources department and determined that plaintiff should be terminated for withdrawing the cash without approval. Plaintiff was terminated on February 7, 2003.

Plaintiff filed the instant complaint in Solano County Superior Court, seeking damages for 1) breach of implied-in-fact

---

[2] The background facts are taken from the court's order awarding summary judgment to defendant, filed July 22, 2005.

2

contract, 2) breach of the covenant of good faith and fair dealing, 3) tortious discharge in violation of public policy, 4) unfair competition under California Business and Professions Code section 17200, and 5) waiting time penalties under California Labor Code section 203. (First Amended Complaint ("FAC"), Exh. A to Def.'s Notice of Removal, filed January 22, 2004.) Defendant removed the action to this court on January 22, 2004 and subsequently filed a motion to dismiss, which this court denied. (Mem.& Order Mot. Dismiss, filed May 21, 2004.)

Defendant moved for summary judgment on June 7, 2005. The court granted defendant's motion in its entirety. (Mem. & Order, filed July 22, 2005.) After applying a conflict of law analysis for plaintiff's tort and statutory claims (claims three through five), the court determined that Indiana law applied and dismissed these claims on the basis of Indiana law. (Id. at 13-18.) As to plaintiff's contract-based claims (claims one and two), the court alternatively applied both California and Indiana law. As to these claims, the court did not engage in a conflict of law analysis because the application of either state's laws resulted in dismissal of the claims. (Id. at 7-11.)

Defendant subsequently filed the instant motion seeking, as the prevailing party on the summary judgment motion, reasonable attorney's fees pursuant to California Labor Code section 218.5. (Def.'s Mot. Att'y Fees, filed August 22, 2005.)

## ANALYSIS

Defendant brings this motion under Federal Rule of Civil Procedure 54. Rule 54 establishes the procedure to obtain attorney's fees, and a party seeking attorney's fees must provide

another source for the award of fees such as a rule, statute, or contract.[3]  Fed. R. Civ. P. 54(d)(2); <u>MRO Commc'ns, Inc. v. AT&T Co.</u>, 197 F.3d 1276, 1282 (9th Cir. 1999).  Here defendant brings this Rule 54 motion alleging that it is entitled to attorney's fees under California Labor Code section 218.5.

**I.   Application of California Labor Code section 218.5**

Setting aside any choice of law issues, the parties first dispute whether California Labor Code section 218.5 applies to the instant case, which does not raise the statute directly and which largely involves non-Labor Code claims.[4]  Section 218.5 provides:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

Cal. Lab. Code § 218.5.  Courts have applied Section 218.5 to claims that arise outside of the Labor Code.  <u>Leighton v. Old Heidelberg, Ltd.</u>, 219 Cal. App. 3d 1062, 1078 (1990) (awarding plaintiff attorney's fees under Section 218.5 for claims of wrongful termination and breach of the covenant of good faith and

---

[3] Rule 54(d) allows its requirement of filing 14 days from judgment to be modified if a statute provides otherwise or by order of the court.  "Local Rules are standing court orders for purposes of Rule 54(d)."  <u>Eastwood v. National Enquirer</u>, 123 F.3d 1249, 1257 (9th Cir. 1997); <u>see</u> <u>also</u> <u>Port of Stockton v. Western Bulk Carrier KS</u>, 371 F.3d 1119, 1122 (9th Cir. 2004) (modifying Rule 54(d) to incorporate a 30-day time limit from Eastern District Local Rule 54-293).  Here, defendant filed its motion for fees on August 22, 2005, within the requisite 30-day filing period.

[4] As stated above, the Labor Code is raised by plaintiff only with regard to a claim for waiting time penalties.

4

fair dealing); <u>Mandelaris v. McGraw-Hill Broad. Co.</u>, 1 Wage & Hour Cas. 2d (BNA) 64, 1992 U.S. Dist. LEXIS 17818 (D. Cal. 1992) (applying Section 218.5 to a breach of contract claim). Thus, the court finds that Section 218.5 is not limited to claims brought under the statute specifically or under the Labor Code generally.

Nevertheless, to be applicable, Section 218.5 requires that plaintiff seek recovery for the "nonpayment of wages." Plaintiff maintains he did not seek "unpaid wages" in his pleadings. (<u>Id.</u>) The court rejects plaintiff's argument as he expressly sought such wages in paragraphs 19, 24, and 32 of the first amended complaint:

> In addition, Defendant terminated Plaintiff for the purpose of depriving Plaintiff of vacation pay and other compensation to which Plaintiff was legally entitled under the California Labor Code, as identified herein, and applicable wage and hour laws. (1st Am. Compl. ¶ 19.)
>
> As a proximate and legal result of Defendant's violation of said implied covenant of good faith and fair dealing, Plaintiff has suffered contract economic damages and has incurred substantial losses in wages, earnings, bonuses, deferred compensation, and other employee benefits and costs incurred in seeking substitute employment, all to his damage in an amount according to proof. (1st Am. Compl. ¶ 24.)
>
> As a proximate and legal result of the Plaintiff's termination from employment in violation of public policy, Plaintiff has suffered and continues to suffer substantial losses in the form of past and future wages, earnings, bonuses, deferred compensation, other employment benefits and consequential damages which damages Plaintiff would not have incurred had Defendant not tortiously discharged Plaintiff, plus expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to the proof. (1st Am. Compl. ¶ 32.)

As such, *if* California law applies (which is discussed below),

Section 218.5 could be a source of fees in this case.[5]

## II. Application of California Labor Code section 218.5 to Claims Decided Under Indiana Law

The parties next dispute whether Section 218.5 may serve as a basis for an award of fees in this case where the underlying claims were, in large part, resolved on the basis of Indiana law. In MRO, the Ninth Circuit held that "[i]n an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." 197 F.3d at 1282. Defendant argues that MRO thus compels this court to apply Section 218.5 because California is the forum state. (Def.'s Suppl. Br., filed September 23, 2005, at 2). The award of attorney's fees here, however, is not susceptible to such a conclusory analysis.

As plaintiff correctly points out, MRO did not address the instant issue of applying the forum state's attorney's fees provision when the substantive claims were governed, or governed, at least, alternatively, by the laws of a foreign state. Rather, at issue in MRO was whether Federal Rule of Civil Procedure 68 (regarding offers of judgment), as opposed to Nevada state law, should apply to an award of attorney's fees to the defendant who

---

[5] The court additionally rejects plaintiff's argument that fees are not permitted under Section 218.5 because defendant failed to specifically request such fees under Section 218.5. Section 218.5 requires a party to request attorney's fees upon the initiation of the action. Here, defendant requested, generally, in its answer attorney's fees. (Def.'s Answer, filed June 17, 2004, at 9). A plain reading of the statute does not require a specific request for fees under the Section ("if any party to the action requests attorney's fees and costs upon the initiation of the action").

6

prevailed on the plaintiff's Nevada state laws claims.  MRO at 1283.[6]  To the contrary, the question here is whether the forum state's law pertaining to attorney's fees applies where the underlying claims were resolved primarily on a foreign state's law and where the foreign state's law *conflict*s with the forum state's law on attorney's fees.

When a foreign state's substantive law applies, rather than the law of the forum state, federal courts will apply the foreign state's law in awarding attorney's fees.  Cutler v. Bank of Am. Nat'l Trust & Sav. Ass'n, 441 F. Supp. 863, 864-865 (D. Cal. 1977).  At issue in Cutler was whether English law or California law applied to an award of attorney's fees.  Id. at 864.  The plaintiff, Cutler, sued the defendant Bank of America for the loss of property which resulted from a robbery at a bank branch in England.  Id.  The court found that English law governed the plaintiff's substantive claims for punitive damages, intentional infliction of emotional distress, and conversion.  Id.  Applying California choice of law principles, the court found that English law should also apply in awarding attorney's fees.  Id. at 867.  The court noted, "a California court would look to the *governing substantive law* to determine the appropriateness of an award of attorneys' fees under the circumstances."  Id. at 865 (emphasis added).  In that case, the court had determined that the governing substantive law was English law.  Other federal courts

---

[6] While it was not clear whether the district court applied Nevada law or New Jersey law to the state law claims, the Ninth Circuit did not need to make such a determination because the law of both states compelled the *same* result--an award of attorney's fees to the prevailing party.  MRO at 1281-1282.

have similarly applied a foreign state's laws in awarding fees. DeRoburt v. Gannett Co., 558 F. Supp. 1223, 1226 (D. Haw. 1983); McMahan v. Toto, 256 F.3d 1120, 1135 (11th Cir. 2001)(*rescinded on other grounds*); Atchison Casting Corp. v. Dofasco, Inc., 1995 U.S. Dist. LEXIS 17367 (D. Kan. 1995).

Applying these principles here, the court clearly applied Indiana law to plaintiff's tort and statutory claims. (Mem. & Order at 16.)  On this point, defendant must concede California law is not applicable.  As such, the *California* Labor Code cannot serve as a basis for an award of fees on these claims as it is not the "governing substantive law."

With respect to plaintiff's contract-based claims, however, the court applied, alternatively, both California and Indiana law in dismissing the claims. (Id. at 8.)  Defendant thus argues that because California law was applied, an award of fees is appropriate based on Section 218.5, at least in part, based on plaintiff's first and second claims for relief.  In ruling on the summary judgment motion, the court did not determine which state's law ultimately applied to the contract claims under a conflict of law analysis because it was not necessary in that application of either state's law resulted in dismissal of plaintiff's claims.  (Id.)

The court must therefore determine whether Section 218.5 should apply to the contract claims when both state's laws were applied and no express finding was made regarding the choice of law question.  To resolve this question, the court finds Anderson v. Savin Corp., 206 Cal. App. 3d 356 (1988) instructive.  The court in Anderson found that when there is no conflict between

8

the law of two jurisdictions because the result is the same under either the forum or foreign state's law, a court may apply the law of the foreign state in conformance with the "reasonable expectations of the parties." Anderson, 206 Cal. App. 3d at 366; see also DeRoburt, 558 F. Supp. at 1227 (considering the "reasonable expectations of the parties" in awarding attorney's fees). The plaintiff, in Anderson, was hired by the defendant Savin Corporation as a photocopier salesperson under an employment contract which contained a choice of law provision requiring application of New York law. Id. at 360. Anderson was subsequently terminated for making racially and sexually derogatory comments to a defendant trainee. Id. Anderson filed suit alleging wrongful discharge along with six other claims for relief related to his termination. Id. at 360-361. At issue before the court was whether New York law determined Anderson's employment rights and precluded an at-will employee from maintaining a cause of action for wrongful discharge. Id. at 361. The court found no conflict existed between California and New York law with regard to wrongful discharge as applied to the facts of the case. Id. at 366. The court found that in such a situation, when two states' laws may apply but no conflict exists, it may nevertheless be appropriate to apply the law of the *non-forum* state to adjudicate substantive claims. Id. "Under such circumstances, California will apply the law of the foreign jurisdiction in conformance with the reasonable expectations of the parties." Id.

   Applying Anderson to the instant case, although the contract here did not contain a choice of law provision, it is reasonable

9

to conclude that the parties expected the employment contract to be governed by Indiana law. Specifically, plaintiff was hired by defendant to work at one of its retail stores in Indiana, entered into his employment contract in Indiana, and ultimately requested transfer back to Indiana where he was terminated. (Mem. & Order at 2-5.) In addition, defendant applied its Indiana policy and Indiana law in distributing plaintiff's final pay. (Id. at 5.) Thus, the court finds that even with respect to plaintiff's contract based claims, Indiana law should apply in determining whether attorney's fees are appropriate.

On the issue of Indiana law, defendant has not cited, and the court is not aware, of any applicable Indiana authority allowing an award of attorney's fees on the facts of this case. Therefore, defendant's motion for attorney's fees is DENIED in its entirety.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorney's fees is DENIED.

IT IS SO ORDERED.

DATED: October 11, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE